## CITY OF NEW YORK v. REALTY ASSOCIATES.

(Supreme Court, Appellate Division, Second Department. June 4, 1909.)

SCHOOLS AND SCHOOL DISTRICTS (§ 71*)—REGULATIONS—FIREPROOF BUILDINGS.

New York City Building Code, § 105, providing that every building hereafter erected or altered to be used as a school shall be built fireproof, does not forbid the use of a building not fireproof for a school; and where a company in good faith made alterations in its building, to be used as an office building pursuant to plans approved by the department of buildings, it could subsequently lease portions of the building for a school, though the building was not fireproof.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig § 71.*]

Appeal from Special Term, Kings County.

Action by the City of New York against the Realty Associates. From an order granting an injunction pendente lite, defendant appeals. Reversed, and motion to confirm referee's report granted.

Argued before WOODWARD, JENKS, GAYNOR, MILLER, and BURR, JJ.

T. Ellett Hodgskin (George W. Wingate, on the brief), for appellant.

John P. O'Brien (Theodore Connoly and Samuel J. Parmenter, on the brief), for respondent.

MILLER, J. This is an appeal from an order granting an injunction pendente lite, restraining the defendant from maintaining or allowing to exist a school on its premises at 24–36 Flatbush avenue, in the borough of Brooklyn. The action is brought pursuant to section 42, c. 275, p. 583, of the Laws of 1892, and section 151 of the Building Code of the City of New York, to restrain the maintenance of a school in the building in question on the ground that it was altered in violation of section 105 of the Building Code, which provides:

"Fireproof Buildings.—Every building hereafter erected or altered, to be used as a hotel, lodging house, school, theater, jail, police station, hospital, asylum, institution for the care or treatment of persons, the height of which exceeds 36 feet 6 inches, excepting all buildings for which specifications and plans have been heretofore submitted to and approved by the department of buildings, and every other building the height of which exceeds 75 feet, except as herein otherwise provided, shall be built fireproof."

The proof is that the defendant, the owner, filed with the superintendent of buildings on March 13, 1908, an application and plans for the alteration of the building for an office building and stores. The plans were approved and the alterations were made. It was undisputed that, at the time of the filing of the plans, there was no intention on the part of the owner or the lessee to sublet any part of the building for use as a school. Some time in May, 1908, a lease of the third and fourth floors of the building was made to Mr. Browne for the use of a school, known as "Browne's Business College." Of course, desks, blackboards, and the like school fixtures were installed; but it does not appear that any substantial changes were made in the building itself, other than as called for by the plans and specifications. It will be noticed that the statute is:

"Every building hereafter erected or altered, to be used as a * * * school, * * * shall be built fireproof."

The statute does not forbid the use of a building, not fireproof, for a school. Having in good faith made the alterations for the purposes stated in the application (the defendant's good faith is not questioned), the statute can have no application to the case. Of course, the defendant could not evade the statute by resort to subterfuge; but, as there was no such claim made, it was error to grant the order. The statute is not to be extended to a case not fairly within its terms.

The order should be reversed, and the motion to confirm referee's report granted, with costs. All concur.